IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASEER SHAKUR, also known as DANIEL LEWIS, | : : | |
| Petitioner, | : : | |
| v. | : : | CIVIL ACTION NO. 18-1576 |
| CYNTHIA LINK, *et al.*, | : : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

**Schmehl, J. /s/ JLS**                                                                                                                  **July 9, 2024**

Petitioner filed a *pro se* habeas petition setting forth 13 claims for relief. The Honorable Elizabeth T. Hey appointed counsel for Petitioner solely on the issue of the timeliness of the petition. Judge Hey found the petition was timely and then re-appointed counsel, who filed an amended habeas petition setting forth 4 claims. In her Report and Recommendation, Judge Hey recommended that Petitioner was not entitled to relief on any of his claims except for his first claim: alleged ineffective assistance of counsel for failing to object to the trial court's reasonable doubt jury instruction. As to this IAC claim, Judge Hey found it to be defaulted, but excused the default pursuant to *Martinez*. Judge Hey then recommended habeas relief be granted on this claim because the "trial court's reasonable doubt jury instruction is constitutionally infirm, and prejudice is presumed." (ECF No. 59, p. 84.)

Subsequent to the filing of the R&R, Respondents filed a motion to stay the instant matter, arguing that the case of *Baxter v. Superintendent SCI Coal Township*, which was pending in the Third Circuit, would resolve the main issue of whether prejudice should be presumed in the case of this particular constitutional error. This Court granted the stay to await the *Baxter* decision. Importantly, both *Baxter* and the instant matter involved the same reasonable doubt

1

jury instruction given by the same Philadelphia Court of Common Pleas Judge. *Baxter* was decided on April 8, 2021, the stay was lifted in this matter, objections were filed to the R&R, and this matter is now ripe for decision.

First, I find that Judge Hey's Report and Recommendation was correct as to all of Petitioner's claims except this sole IAC claim for failure to object to the reasonable doubt jury instruction. Accordingly, the R&R is approved and adopted as to all other aspects. As to the sole IAC claim for failing to object to the trial court's reasonable doubt instruction, Judge Hey first found that this claim was defaulted, but that the procedural default was excused by *Martinez*. I find Judge Hey's analysis to be correct as to the default issue, and I adopt it in this matter. Therefore, although Petitioner's IAC claim is defaulted, I find that default is excused.

Next, Judge Hey addressed the merits of the IAC claim. In deciding an ineffective assistance of counsel claim, courts are governed by the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* at 687. In other words, "a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 689. Second, the petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.* Judge Hey found that Petitioner's IAC claim as to the reasonable doubt jury instruction met the first prong of *Strickland*, as the instruction violated due process and counsel performed deficiently in failing to object or raise a claim challenging the instruction. I will also adopt Judge Hey's thorough and well-reasoned analysis as to the first prong of *Strickland* in this matter and find that Petitioner's counsel's performance was deficient.

The second *Strickland* prong is where I must depart from Judge Hey's reasoning due to recent caselaw developments. Under the typical *Strickland* analysis, in order to establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. However, in *Baxter*, as in the instant matter, the Petitioner argued that he need not prove actual prejudice under *Strickland* because the failure to object to the reasonable doubt jury instruction led to a structural error, and such errors so fundamentally impact the trial process that prejudice is presumed.

In the instant matter, Judge Hey carefully analyzed the facts, applied the law and determined that *Strickland* prejudice did not exist. I agree with Judge Hey's analysis and adopt her reasoning as to why Petitioner lacks *Strickland* prejudice in this matter. Accordingly, Petitioner is only entitled to habeas relief in this matter if prejudice can be presumed from the improper reasonable doubt jury instruction. As the Supreme Court had not yet addressed the presumption of prejudice question in the context presented here, Judge Hey carefully analyzed current caselaw and found that the flawed reasonable doubt jury instruction is the type of error that the Court has characterized as always resulting in fundamental unfairness, and therefore always deserving of reversal. Therefore, she presumed Petitioner suffered prejudice from the erroneous jury instruction and recommended that relief should be granted on Petitioner's claim that his trial counsel was ineffective in failing to challenge the court's reasonable doubt instruction.

After Judge Hey reached this conclusion, the Third Circuit decided *Baxter v. Superintendent Coal Township SCI*, holding that where an ineffective assistance of counsel claim in a habeas corpus petition alleges an erroneous jury instruction, a defendant must still show

actual prejudice to prevail. 998 F.3d 542, 548 and n.7 (3d Cir. 2021); *cert. denied sub nom Baxter v. McGinley*, 142 S. Ct. 1130 (2022). Accordingly, precedent now exists on this issue that this Court must follow, and based upon *Baxter*, it is improper to assume prejudice because of the erroneous reasonable doubt instruction. Rather, this Court must assess the facts of the case to determine whether actual prejudice exists under the familiar *Strickland* analysis, determining whether "but for counsel's error, there was a reasonable probability that the outcome of the proceeding would have been different." *Albrecht v. Horn*, 485 F.3d 103, 128 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 694).

Therefore, I decline to adopt Judge Hey's R&R to the extent it presumes prejudice to Petitioner because of the erroneous reasonable doubt jury instruction. Rather, pursuant to *Baxter*, I find that where an ineffective assistance of counsel claim is based on trial counsel's failure to object to a faulty reasonable doubt instruction, a habeas petitioner still must demonstrate that they have suffered "actual prejudice." *Baxter*, 998 F.3d at 548. As Judge Hey properly determined in this matter that actual prejudice under *Strickland* did **not** exist, Petitioner is not entitled to habeas relief on his claim for ineffective assistance of counsel. As I adopt Judge Hey's reasoning as to all the remaining claims contained in Petitioner's *pro se* and counseled petitions, as well as her recommendation that Petitioner is entitled to relief on none of those claims, Petitioner's habeas petition will be dismissed with prejudice.